IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FERRIS PLAZA, LTD.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-633-L** |
| | § | |
| **PEERLESS INDEMNITY INSURANCE** | § | |
| **COMPANY, LIBERTY MUTUAL GROUP,** | § | |
| **INC., & AMERICAN FIRST INSURANCE,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed April 29, 2010. After carefully considering the motion, response, record, and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I.     Background**

This civil action was originally filed in the 40th Judicial District Court of Ellis County, Texas, on February 25, 2010. Plaintiff Ferris Plaza, Ltd. ("Ferris" or "Plaintiff") brought claims against Defendants Peerless Indemnity Insurance Company, Liberty Mutual Group, Inc., and American First Insurance (collectively, "Defendants"). Ferris filed claims for breach of duties of good faith and fair dealing, breach of contract, unfair or deceptive acts or practices, and unfair claim settlement practices. Plaintiff also seeks attorney's fees and expenses.

Defendants removed the case to this court on March 31, 2010. Defendants contend that removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a). Plaintiff filed its First Amended Complaint on April 29, 2010, which named Unified Building Sciences & Engineering, Inc.

("Unified") as an additional defendant. Plaintiff asserts claims against Unified for negligence, conspiracy to commit bad faith denial of an insurance claim, and assisting and participating in bad faith denial of an insurance claim. Plaintiff states that Unified is a Texas corporation having its principal place of business in Richardson, Texas. On the same day that Plaintiff filed its First Amended Complaint, it moved to remand the case to the Ellis County court. Ferris argues that diversity jurisdiction does not exist in light of the addition of Unified. Defendants respond that under Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff was required to obtain leave of court before amending. Because Plaintiff's First Amended Complaint was filed without the permission of the court, Defendants contend that it has no legal effect. Alternately, Defendants argue that Plaintiff's joinder of Unified is an improper attempt to defeat diversity jurisdiction and should be denied. Plaintiff did not file a reply.

## II.     Legal Standard - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*, *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine

**Memorandum Opinion and Order – Page 2**

whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

### III.   Discussion

#### A.   Amended Complaint

Plaintiff filed its First Amended Complaint on April 29, 2010, joining Texas citizen Unified as a defendant. Plaintiff now moves to remand this action to the 40th Judicial District Court of Ellis

County, Texas. Plaintiff contends that this case must be remanded to state court because both it and Unified are Texas citizens. Ferris argues that absent complete diversity between Plaintiff and Defendants, this court no longer has diversity jurisdiction. Defendants, in their response, contend that under Rules 81(c)(1) and 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff was required to obtain leave of court before amending its complaint, and thus the amended complaint has no legal effect. Since the amended complaint is null, Defendants assert, Unified is not a defendant, and complete diversity still exists between the parties.

Pursuant to Rule 81(c)(1), the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Rule 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days of service or within twenty-one days of a responsive pleading or motion under Rule 12(b), (e), or (f). Because this action was removed from state court, the Rules apply beginning from the date of removal. Fed. R. Civ. P. 81(c)(1). No pleading or motion was filed after removal, so Rule 15(a)(1) does not apply.[1] Rule 15(a)(2) governs all other cases. Under Rule 15(a)(2), Plaintiff must receive leave of court or the written consent of opposing parties in order to amend its complaint. When a party is required to obtain leave to amend but fails to do so, the amended complaint is null. *United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).[2] Accordingly, Plaintiff's First Amended Complaint is null and the court must look to Plaintiff's Original Petition filed in state court on February 25, 2010. *Manguno*,

---

[1] Even if Rule 15(a)(1) were to apply, Plaintiff did not amend within twenty-one days of service, twenty-one days of Defendants' answer in state court, or twenty-one days of removal. Accordingly, Plaintiff may not amend its pleading as a matter of course under Rule 15(a)(1).

[2] In *HealthSouth*, the Fifth Circuit noted an exception under which the court may give legal effect to amended pleadings filed without leave if there is no prejudice to the opposing party. 332 F.3d at 295-96. The court determines, however, that this exception does not apply in this case.

**Memorandum Opinion and Order – Page 4**

276 F.3d at 723 ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

Defendant discusses the factors from *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), and argues that joinder of Unified would be improper.[3] Plaintiff did not advance any arguments regarding the *Hensgens* factors in either its First Amended Complaint or its motion to remand, and it did not file a reply after Defendants raised the issue in their response. Because the court determines that Plaintiff's purported amended complaint is null, the court need not address the *Hensgens* factors.

Plaintiff's First Amended Complaint was filed without leave of the court and has no legal effect. The live pleading is therefore Plaintiff's Original Petition, filed in state court on February 25, 2010. The court now considers whether remand is warranted.

### B.   Diversity of Parties

Plaintiff contends that this court lacks subject matter jurisdiction because the parties are no longer completely diverse. As explained above, Plaintiff's First Amended Complaint is null. The court relies on Plaintiff's Original Petition filed in state court and determines that the parties are completely diverse. The parties do not dispute that the amount in controversy exceeds $75,000, exclusive of interest and costs. In light of the parties' citizenship and the amount in controversy, the court determines that it has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[3] *Hensgens* governs where a plaintiff seeks leave to amend to add a nondiverse defendant that would destroy a federal court's subject matter jurisdiction. 833 F.2d at 1182. In those cases, the court must consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Id.*

**Memorandum Opinion and Order – Page 5**

Case 3:10-cv-00633-L   Document 17   Filed 06/22/10   Page 6 of 6   PageID 134

## IV. Conclusion

For the reasons herein stated, the court **determines** that it has subject matter jurisdiction over this civil action. Accordingly, the court **denies** Plaintiff's Motion to Remand. The court **directs** the clerk of the court to **unfile** Plaintiff's First Amended Complaint, filed April 29, 2010.

**It is so ordered** this 22nd day of June, 2010.

Sam A. Lindsay
United States District Judge

Memorandum Opinion and Order –  Page 6